J-S62036-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JERMAINE F. MORGAN | |
| Appellant | No. 711 WDA 2015 |

Appeal from the PCRA Order April 21, 2015
In the Court of Common Pleas of Westmoreland County
Criminal Division at No(s): CP-65-CR-0001117-2008;
CP-65-CR-0003993-2008; CP-65-CR-0003994-2008

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JERMAINE F. MORGAN | |
| Appellant | No. 712 WDA 2015 |

Appeal from the PCRA Order April 21, 2015
In the Court of Common Pleas of Westmoreland County
Criminal Division at No(s): CP-65-CR-0001117-2008;
CP-65-CR-0003993-2008; CP-65-CR-0003994-2008

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JERMAINE F. MORGAN | |
| Appellant | No. 713 WDA 2015 |

J-S62036-15

Appeal from the PCRA Order April 21, 2015
In the Court of Common Pleas of Westmoreland County
Criminal Division at No(s): CP-65-CR-0001117-2008;
CP-65-CR-0003993-2008; CP-65-CR-0003994-2008

BEFORE:  GANTMAN, P.J., JENKINS, J., and PLATT, J.*

MEMORANDUM BY GANTMAN, P.J.:                **FILED DECEMBER 1, 2015**

Appellant, Jermaine F. Morgan, appeals from the order entered in the Westmoreland County Court of Common Pleas, which denied his first petition brought pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The relevant facts and procedural history of this case are as follows. In January 2008, a confidential informant ("CI") assisted police with an investigation into Appellant's drug related activities.  During the course of the investigation, the C.I. engaged in two controlled drug buys with Appellant at Appellant's house on January 21, 2008, and January 29, 2008. Following the second controlled buy between the C.I. and Appellant, police obtained a search warrant for Appellant's house.  Patrolman Dennis Pape ("Patrolman Pape") wrote and signed the affidavit of probable cause in support of the search warrant.

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

_____

*Retired Senior Judge assigned to the Superior Court.

- 2 -

On January 31, 2008, police executed the search warrant on Appellant's house and recovered, *inter alia*, cocaine, marijuana, a firearm, a digital scale, and over one-thousand dollars ($1,000.00). Police subsequently arrested Appellant and the Commonwealth charged Appellant with various drug-related crimes at three separate dockets on October 15, 2008. Specifically, the Commonwealth charged Appellant with the following offenses: at docket no. CP-65-CR-0003994-2008, two counts of PWID, and one count of possession of a controlled substance in connection with the January 21, 2008 controlled buy; at docket no. CP-65-CR-0003993-2008, two counts of PWID, and one count of possession of a controlled substance in connection with the January 29, 2008 controlled buy; and at docket no. CP-65-CR-0001117-2008, one count of receiving stolen property, two counts of possession of a controlled substance with the intent to deliver ("PWID"), two counts of possession of a controlled substance, and one count of possession of drug paraphernalia, in connection with the search of Appellant's house on January 31, 2008.

Appellant proceeded to a jury trial on November 10, 2009. On November 17, 2009, the jury convicted Appellant of all charged offenses at all three dockets. The court sentenced Appellant to an aggregate term of five (5) to ten (10) years' imprisonment on March 16, 2010. After the court denied Appellant's post-sentence motions, Appellant timely filed a notice of appeal on April 1, 2011. This Court affirmed Appellant's judgment of

sentence on April 11, 2012, and our Supreme Court denied allowance of appeal on February 28, 2013. *See Commonwealth v. Morgan*, 48 A.3d 475 (Pa.Super. 2012), *appeal denied*, 619 Pa. 689, 63 A.3d 776 (2013).

Appellant timely filed a *pro se* PCRA petition on August 19, 2013. The court appointed counsel ("PCRA counsel") on November 12, 2013. On February 7, 2014, PCRA counsel filed an amended PCRA petition, in which Appellant claimed trial counsel was ineffective. The court held a hearing on Appellant's ineffective assistance of counsel claims on August 26, 2014, and the court denied PCRA relief on April 21, 2015. Appellant timely filed a notice of appeal on April 30, 2015. On May 4, 2015, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant timely complied on May 14, 2015.

Appellant raises the following issues for our review:

> WHETHER THE [TRIAL COURT] ERRED IN FAILING TO FIND [APPELLANT'S] TRIAL COUNSEL INEFFECTIVE FOR FAILING TO INVESTIGATE AND EXPLORE THE PERSONAL ANIMUS OF ARRESTING OFFICER, DENNIS PAPE[?]
>
> WHETHER THE [TRIAL COURT] ERRED IN FAILING TO FIND [APPELLANT'S] TRIAL COUNSEL INEFFECTIVE FOR FAILING TO CALL WITNESS DEONNA WILLIAMS[?]

(Appellant's Brief at 5).

Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error.

- 4 -

*Commonwealth v. Conway*, 14 A.3d 101 (Pa.Super. 2011), *appeal denied*, 612 Pa. 687, 29 A.3d 795 (2011). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. *Commonwealth v. Boyd*, 923 A.2d 513 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). We give no such deference, however, to the court's legal conclusions. *Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa.Super. 2012). If the record supports a PCRA court's credibility determination, it is binding on the appellate court. *Commonwealth v. Miller*, 102 A.3d 988 (Pa.Super. 2014).

The law presumes counsel has rendered effective assistance. *Commonwealth v. Williams*, 597 Pa. 109, 950 A.2d 294 (2008). When asserting a claim of ineffective assistance of counsel, the petitioner is required to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and, (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. *Commonwealth v. Kimball*, 555 Pa. 299, 312, 724 A.2d 326, 333 (1999). The failure to satisfy any prong of the test for ineffectiveness will cause the claim to fail. *Williams, supra*.

"The threshold inquiry in ineffectiveness claims is whether the issue/argument/tactic which counsel has foregone and which forms the basis for the assertion of ineffectiveness is of arguable merit…." *Commonwealth*

*v. Pierce*, 537 Pa. 514, 524, 645 A.2d 189, 194 (1994).  "Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim."

*Commonwealth v. Poplawski*, 852 A.2d 323, 327 (Pa.Super. 2004).

> Once this threshold is met we apply the 'reasonable basis' test to determine whether counsel's chosen course was designed to effectuate his client's interests.  If we conclude that the particular course chosen by counsel had some reasonable basis, our inquiry ceases and counsel's assistance is deemed effective.

*Pierce, supra* at 524, 645 A.2d at 194-95 (internal citations omitted).

> Prejudice is established when [an appellant] demonstrates that counsel's chosen course of action had an adverse effect on the outcome of the proceedings.  The [appellant] must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.  In [*Kimball, supra*], we held that a "criminal [appellant] alleging prejudice must show that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."

*Commonwealth v. Chambers*, 570 Pa. 3, 21-22, 807 A.2d 872, 883 (2002) (some internal citations and quotation marks omitted).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reason opinion of the Honorable Debra A. Pezze, we conclude Appellant's first issue on appeal merits no relief.  The trial court opinion comprehensively discusses and properly disposes of the question presented. (*See* Trial Court Opinion, filed April 21, 2015, at 1-2) (finding: at PCRA hearing, Appellant alleged Patrolman Pape told Appellant's ex-girlfriend that Appellant was just another drug dealer that Patrolman Pape could put in

- 6 -

jail if he wanted to; Appellant also testified that he informed trial counsel of Patrolman Pape's animus toward Appellant, but trial counsel failed to cross-examine Patrolman Pape with this information at trial; trial counsel provided testimony at PCRA hearing, in which trial counsel stated he did not recall Appellant ever telling trial counsel about Patrolman Pape's alleged animus toward Appellant; trial counsel also testified he felt he had vigorously cross-examined Patrolman Pape at trial; trial counsel further indicated he would have brought up Patrolman Pape's alleged animus toward Appellant if Appellant had informed trial counsel of it; PCRA court noted Patrolman Pape was merely one of many police officers involved in Appellant's case, so trial counsel's failure to explore alleged animus did not unfairly prejudice Appellant; Appellant's ineffective assistance of counsel claim against trial counsel warrants no relief). With respect to Appellant's first issue, we affirm on the basis of the trial court's opinion.

In his second issue, Appellant argues trial counsel failed to offer sufficient evidence to support the defense's theory of the case. Appellant maintains trial counsel's defense theory was that the house searched by police was not Appellant's residence, and the drugs found inside the house did not belong to Appellant. Appellant contends trial counsel merely offered character evidence at trial, even though various witnesses, including Deonna Williams, Meghan Milliron, Gina Hershey, and several of Appellant's cousins, were willing to provide testimony in support of this defense. Appellant also

complains that trial counsel erroneously convinced Appellant not to testify on his own behalf. Appellant asserts his own testimony was necessary for the defense strategy to succeed, and there was no valid reason for Appellant not to testify, because Appellant had no criminal history at the time. Appellant concludes trial counsel's failure to call certain witnesses, including Appellant, constituted ineffective assistance of counsel, and this Court should grant relief. We disagree.

A petitioner's claim that counsel was ineffective for failing to call a particular witness, requires certain proof:

> [T]he [petitioner] must show: (1) that the witness existed; (2) that the witness was available; (3) that counsel was informed of the existence of the witness or should have known of the witness' existence; (4) that the witness was prepared to cooperate and would have testified on [petitioner's] behalf; and (5) that the absence of the testimony prejudiced [petitioner].

***Commonwealth v. Michaud***, 70 A.3d 862, 867-68 (Pa.Super. 2013). Significantly, a court shall not find trial counsel ineffective for failure to call a witness unless there is some showing by the petitioner that the witness' testimony would have been beneficial under the circumstances of petitioner's case. ***Commonwealth v. Auker***, 545 Pa. 521, 548, 681 A.2d 1305, 1319 (1996). "[F]ailure to call a witness is not *per se* ineffective assistance of counsel for such decision usually involves matters of trial strategy." ***Michaud, supra*** at 868.

To be eligible for relief under the PCRA, a petitioner must plead and

prove, *inter alia*, his allegations of error were not previously litigated or waived. 42 Pa.C.S.A. § 9543(a)(3). "[A]n issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state post-conviction proceeding." 42 Pa.C.S.A. § 9544(b). Likewise, the failure to raise an issue before the PCRA court deems the claim presented waived. **Commonwealth v. Bond**, 572 Pa. 588, 819 A.2d 33 (2002). **See also** Pa.R.A.P. 302(a) (stating issues not raised in PCRA court are waived and cannot be raised for first time on appeal). Significantly, "the failure to raise an issue in an ordered Rule 1925(b) statement results in the waiver of that issue on appeal." **See Commonwealth v. Poncala**, 915 A.2d 97, 100 (Pa.Super. 2006), *appeal denied*, 594 Pa. 678, 932 A.2d 1287 (2007).

Rule 2119(a) of the Pennsylvania Rules of Appellate Procedure provides:

> **Rule 2119.  Argument**
>
> **(a) General rule.**  The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.

Pa.R.A.P. 2119(a). Additionally, Rule 2101 states:

> **Rule 2101.  Conformance with Requirements**
>
> Briefs and reproduced records shall conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit,

otherwise they may be suppressed, and, if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or dismissed.

Pa.R.A.P. 2101.  Importantly:

The argument portion of an appellate brief must include a pertinent discussion of the particular point raised along with discussion and citation of pertinent authorities.  This court will not consider the merits of an argument which fails to cite relevant case or statutory authority.  Failure to cite relevant legal authority constitutes waiver of the claim on appeal.

*In re Estate of Whitley*, 50 A.3d 203, 209 (Pa.Super. 2012), *appeal denied*, 620 Pa. 724, 69 A.3d 603 (2013).

Instantly, Appellant failed to raise in his Rule 1925(b) statement, his claim that trial counsel was ineffective for failure to call Ms. Hershey, Ms. Milliron, and several of Appellant's cousins as witnesses at trial. Additionally, Appellant failed to allege in his Rule 1925(b) statement, that trial counsel was ineffective based on trial counsel's advice to Appellant not to testify on his own behalf.  Importantly, Appellant's failure to raise these issues in his Rule 1925(b) concise statement constitutes waiver of these claims. *See Poncala, supra*.

With respect to Appellant's claim that trial counsel was ineffective for failure to call Deonna Williams as a witness, Appellant did not separate his issues raised on appeal in the argument section of his brief as necessary to comply with the Pennsylvania Rules of Appellate Procedure. *See* Pa.R.A.P. 2119(a).  Appellant's argument section of his brief also fails to include any

relevant case law to support this claim. Likewise, Appellant's argument does not address any of the factors necessary to prove ineffective assistance of counsel for failure to call a witness. Appellant's failure to develop his claim properly constitutes waiver of this claim as well. ***See In re Estate of Whitley, supra***.

Moreover, even if Appellant had properly preserved his claim involving Ms. Williams, the trial court determined this issue lacked merit, reasoning:

> The witness in question, Deonna Williams, testified at [Appellant's] evidentiary hearing and stated she was willing to testify at [Appellant's] trial. More specifically, she stated "his old attorney I spoke to saying I would be willing to testify." She later testified that she never actually spoke to [Appellant's] trial [counsel], but left a message on a machine that she believed was his office voicemail. Nevertheless, she elicited that she occasionally cleaned the house where it was alleged [Appellant] resided and where the drugs were found. She said it was a "party house" and although [Appellant] was the leaseholder, she thought he lived at his girlfriend's or cousin's house. The [c]ourt finds that prongs one, two, and four were met in establishing whether counsel was ineffective for failing to call a witness.
>
> Trial counsel…testified that he had no recollection of [Appellant] discussing Deonna Williams as a possible witness, nor was there any mention of her in the notes he kept during the interim of the case. During cross-examination by the Commonwealth, [trial counsel] was informed that Ms. Williams had been convicted of several crimes of dishonesty in the past ten years and [when asked at the PCRA hearing] whether this fact would have factored in [trial counsel's] decision on whether to call her as a witness…[trial counsel] responded in the affirmative stating that he "would have been less inclined to call her as a witness because of [this] credibility issue…." Though the [c]ourt finds [trial counsel's] testimony credible, the [c]ourt is mindful of the fact that approximately five years

- 11 -

have passed since [Appellant's] trial and that having vivid recollections of all attorney-client conversations would be a near impossibility.

[Appellant] testified at the PCRA [h]earing that he talked to [trial counsel] about many possible witnesses; however, the only witness that can be considered by this [c]ourt in [Appellant's] claim for ineffective assistance of counsel is [Ms.] Williams, due to the fact that she was the only prospective witness that was called to testify during the PCRA [h]earing and the only witness mentioned in [Appellant's] amended PCRA petition. [Appellant] further testified that "he discussed [Ms.] Williams briefly with [trial counsel], but only because she was there cleaning." Due to the sparse nature of [Appellant's] testimony relative to his conversation with trial counsel regarding Ms. Williams and due to the minimal testimony that Ms. Williams stated she would have provided, the [c]ourt finds that even if [Appellant] made mention of the aforementioned witness to trial counsel, the fact that she was not called as a witness was not so prejudicial to [Appellant's] case as to deny him a fair trial.

(Trial Court Opinion, filed April 21, 2015, at 3-4) (internal citations omitted).

The record supports the court's sound reasoning. *See Conway, supra*.

Therefore, Appellant's second issue warrants no relief. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/01/2015

- 12 -

# IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY, COMMONWEALTH OF PENNSYLVANIA

## CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA    )
    )
    vs.    )    No.    1117 Criminal, 2008
    )    3993 Criminal, 2008
JERMAINE F. MORGAN    )    3994 Criminal, 2008
    )
    Petitioner.    )

## <u>OPINION AND ORDER</u>

***By Debra A. Pezze, Judge:***

This matter is before the Court on Petitioner's Amended Petition for Post-Conviction Collateral Relief, in which he alleges that counsel was ineffective in his representation of him at trial for failing to investigate and explore personal animus of arresting officer, Dennis Pape, toward Petitioner and for failing to call as an alibi witness, Deonna Williams. After a hearing held on August 26, 2014, and having given careful consideration to the arguments of counsel, the Petition will be denied.

The Court will first address Petitioner's claim that trial counsel was ineffective in failing to investigate and explore personal animus of arresting officer, Dennis Pape. To prevail in an ineffectiveness of counsel claim under the Post Conviction Relief Act, 42 Pa.C.S. § 9541 *et seq.*, the petitioner must prove the following: 1) that his claim has arguable merit; 2) that counsel's conduct lacked a reasonable basis designed to effectuate his best interests; and 3) that the petitioner was prejudiced by counsel's ineffectiveness. *Commonwealth v. Kimball*, 724 A.2d 326 (Pa. 1999).

Petitioner testified his former girlfriend, Gina Hershey, was asked out by Officer Pape and when she declined, Officer Paper stated that he (Petitioner) was just a drug dealer like everyone else in West Jeannette and if he wanted to, he could put him (Petitioner) in jail (PCRA Hearing Transcript, page 31; hereinafter referred to as P.H.T, p. 31) Petitioner further testified that he discussed this with Attorney Monzo. However, Attorney Monzo testified that he did not recall the Petitioner ever informing him of some type of animus toward him by Officer Pape. He additionally noted that after reviewing the trial transcript, he thought he "went at him pretty hard at trial, and I think if we would have had more to go with it, we would have done it." (P.H.T. p. 20)

A review of the record reveals that a confidential informant was utilized by the Drug Task Force to conduct a controlled "buy" on the Petitioner. Though Officer Pape's name is listed as the affiant on the Criminal Complaint, other members of the Westmoreland County Drug Task Force were present in a police vehicle near the Petitioner's residence during the aforementioned "buy." A search warrant was later executed on Petitioner's residence, and once again, numerous law enforcement members of the Westmoreland County Drug Task Force were present. Due to the fact that Officer Pape was merely one law enforcement member in a case that utilized many, not exploring possible personal animus of one officer would not result in the Petitioner suffering any prejudice. Furthermore, Attorney Monzo had no recollection of being informed of any possible animus of Officer Pape toward the Petitioner. Therefore, this Court finds that even if Petitioner's claim of ineffective assistance of counsel did not lack merit, he did not suffer any prejudice from his counsel failing to explore the above noted animus.

Petitioner next claims that trial counsel was ineffective for failing to present the testimony of Deonna Williams. In establishing whether counsel was ineffective for failing to

2

call a witness, the Petitioner must demonstrate: (1) the witness existed; (2) the witness was available; (3) counsel knew of, or should have known of the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony was so prejudicial to petitioner to have denied him a fair trial. ***Commonwealth v. Clark***, 961 A.2d 80, 90 (Pa. 2008).

The witness in question, Deonna Williams, testified at the Petitioner's evidentiary hearing and stated that she was willing to testify at Petitioner's trial. More specifically, she stated "his old attorney I spoke to saying I would be willing to testify." (P.H.T. p. 8) She later testified that she never actually spoke to Petitioner's trial attorney, but left a message on a machine that she believed was his office voicemail. (P.H.T. p. 23) Nevertheless, she elicited that she occasionally cleaned the house where it was alleged the Petitioner resided and where the drugs were found. She said it was a "party house" and although Petitioner was the leaseholder, she thought he lived at his girlfriend's or cousin's house. (P.H.T., p. 6) The Court finds that prongs one, two and four were met in establishing whether counsel was ineffective for failing to call a witness.

Trial Counsel, Jeffrey Monzo, testified that he had no recollection of the Petitioner discussing Deonna Williams as a possible witness, nor was there any mention of her in the notes he kept during the interim of the case. (P.H.T., pp. 17-18). During cross-examination by the Commonwealth, Attorney Monzo was informed that Ms. Williams had been convicted of several crimes of dishonesty in the past ten years and whether this fact would have factored in Attorney Monzo's decision on whether to call her as a witness if he was aware that the Petitioner wished her to testify. Attorney Monzo responded in the affirmative stating that he "would have been less inclined to call her as a witness because of credibility issue..." (P.H.T. p. 19) Though the

Court finds Attorney Monzo's testimony credible, the Court is mindful of the fact that approximately five years have passed since Petitioner's trial and that having vivid recollections of all attorney-client conversations would be a near impossibility.

Petitioner testified at the PCRA Hearing that he talked to counsel, Jeff Monzo, about many possible witnesses; however, the only witness that can be considered by the Court in Petitioner's claim for ineffective assistance of counsel is Deonna Williams, due to the fact she was the only prospective witness that was called to testify during the PCRA Hearing and the only witness mentioned in Petitioner's Amended PCRA Petition. Petitioner further testified that "he discussed Deonna Williams briefly [with Attorney Monzo], but only because she was there cleaning. (P.H.T. p. 32). Due to the sparse nature of Petitioner's testimony relative to his conversation with trial counsel regarding Ms. Williams and due to the minimal testimony that Ms. Williams stated she would have provided, the Court finds that even if Petitioner made mention of the aforementioned witness to trial counsel, the fact that she was not called as a witness was not so prejudicial to Petitioner's case as to deny him a fair trial.

Based upon the foregoing, the Court finds that Petitioner's ineffective assistance of counsel claims fail, and the Post-Conviction Relief Act Petition will be denied.

4

# IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY
## COMMONWEALTH OF PENNSYLVANIA

## CRIMINAL DIVISION

| | | | |
|---|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | ) | | |
| | ) | | |
| vs. | ) | No. | 1117 Criminal, 2008 |
| | ) | | 3993 Criminal, 2008 |
| JERMAINE F. MORGAN | ) | | 3994 Criminal, 2008 |
| | ) | | |
| Petitioner. | ) | | |

## ORDER OF COURT

AND NOW, to wit, this 21st day of April, 2015, based upon the rationale contained in the foregoing Opinion, it is hereby **ORDERED** and **DECREED** that the Post Conviction Relief Act Petition is **DENIED**.

BY THE COURT:

_____
DEBRA A. PEZZE, JUDGE

ATTEST:

_____
Clerk of Courts

cc:   Allen Powanda, Esq. – for the Commonwealth
      Michael DeMatt, Esq. – for the Defendant
      Court Administrator's Office