COMMONWEALTH of Pennsylvania,
Appellee

v.

Andrew PONCALA, Appellant.

Superior Court of Pennsylvania.

Submitted May 30, 2006.
Filed Dec. 8, 2006.
Reargument Denied. Feb. 15, 2007.

William Ruzzo, Wilkes-Barre, for appellant.

David W. Lupas, Asst. Dist. Atty., Wilkes-Barre, for Com., appellee.

BEFORE: JOYCE, GANTMAN, JJ. and McEWEN, P.J.E.

OPINION BY GANTMAN, J.:

¶ 1 Appellant, Andrew Poncala, appeals from the judgment of sentence entered in the Luzerne County Court of Common Pleas, following his guilty plea to two counts of driving under the influence of alcohol ("DUI")[1] and one count of endangering the welfare of minors.[2] Appellant asks us to determine whether the trial court erred when it denied Appellant's application for the county intermediate punishment program ("IPP"), based on the conclusion that the current offense/conviction constituted Appellant's fourth DUI in ten years. As a prefatory matter, we hold that the issue Appellant raised on appeal is properly before this Court, because Appellant's claim is in direct response to the trial court's Rule 1925(a) opinion and raised at the first opportunity Appellant could raise the issue. We further hold that the mandatory and specific sentencing provision set forth in 75 Pa.C.S.A. § 3804(c)(3) applies to Appellant's current DUI under 75 Pa.C.S.A. § 3802(c), and overrides the general and discretionary IPP sentencing provision of 42 Pa.C.S.A. § 9804(b)(5),[3] regardless of whether this DUI was Appellant's third or fourth DUI in ten years. Accordingly we affirm the judgment of sentence, albeit on other grounds.

¶ 2 The certified record provides the relevant facts and procedural history of this case as follows. On February 21, 2004, at about 3:04 p.m., police were called to the scene of a one-car motor vehicle accident. According to the record, Appellant had taken his girlfriend's seven-year old son in her car, without her permission, while Appellant was intoxicated. Appellant drove the vehicle north on South Main Street, crossed into oncoming traffic, struck a utility pole with the rear driver's-side quarter panel, crossed both lanes, and drove the car into the front porch of a residence on South Main Street. At the time of this accident, Appellant was driving while his license was suspended or revoked, related to a previous DUI conviction.

---

1. 75 Pa.C.S.A. § 3802(a)(1), (c).

2. 18 Pa.C.S.A. § 4304(a).

3. In its Rule 1925(a) opinion, the trial court refers to Section "9804(c)." We note, however, that the proper provision of the general sentencing code is Section 9804(b)(5).

¶ 3 Upon approaching the vehicle, police observed Appellant unconscious, behind the wheel of the vehicle, and reeking of alcohol. Appellant's unbelted front-seat passenger was already standing outside the vehicle. The child had a large laceration across his forehead. Medical personnel arrived on the scene. The child was transported to one medical facility and then life-flighted to Geisinger Hospital for treatment. His injury required over one hundred sutures.

¶ 4 Appellant was extracted from the vehicle by the local fire and rescue team and transported by ambulance to CMC Medical Center in Scranton, Pennsylvania, where he was advised of his rights under the implied consent law. Appellant consented to the blood alcohol ("BAC") testing and two tubes of blood were drawn at 4:20 p.m. The blood was analyzed and the result was a BAC of 0.236%.

¶ 5 On July 6, 2004, Appellant entered an open guilty plea to one count of DUI at 75 Pa.C.S.A. § 3802(a)(1) (general impairment rendering Appellant incapable of safely driving), one count of DUI at 75 Pa.C.S.A. § 3802(c) (driving under the influence at the highest rate of alcohol), and one count of endangering the welfare of minors. In exchange for his plea, the Commonwealth agreed to drop the other charges filed against Appellant.[4] Appellant's plea agreement was open as to sentencing. The court ordered a full presentence investigation ("PSI") and deferred sentencing.

¶ 6 At the sentencing hearing on August 19, 2004, Appellant's current conviction was again presented to the court as Appellant's third DUI in ten years. Appellant's counsel argued Appellant was eligible for IPP under 42 Pa.C.S.A. § 9804(b)(5). The Commonwealth maintained 75 Pa.C.S.A. § 3804(c)(3) directs that a violation of Section 3802(c), which is also a third or subsequent DUI, mandates a sentence of imprisonment of not less than one year. Upon consideration of the arguments presented, the relevant statutes, and the applicable law, the court sentenced Appellant to one to two years' incarceration for his current DUI.

¶ 7 Appellant filed a timely appeal, followed by a timely Rule 1925(b) statement, in which he identified one issue: Whether the trial court has discretion to impose IPP on a defendant convicted of driving under the influence for a third time in ten years.

¶ 8 In its Rule 1925(a) opinion, the court did not address the issue Appellant raised in his Rule 1925(b) statement. Instead, the court said Appellant's record revealed that his current DUI was actually his fourth offense/conviction in ten years not his third, the prior convictions having occurred in 1994, 1997, and 2002. The court noted that 42 Pa.C.S.A. § 9804(b)(5) authorized IPP for up to three offenses. The court reasoned IPP was not available to Appellant under any circumstances, because this DUI was actually Appellant's fourth DUI in ten years.

¶ 9 On appeal, Appellant raises the following issue for our review:

WHETHER THE INSTANT OFFENSE IS A THIRD OR FOURTH DUI RENDERING [APPELLANT] ELIGIBLE FOR I.P.P.?

(Appellant's Brief at 2).

¶ 10 Initially, we must decide whether Appellant's issue is properly be-

---

4. The other charges filed against Appellant included unauthorized use of automobiles and other vehicles (18 Pa.S.C.A. § 3928), and the summary offenses of driving while operating privilege is suspended or revoked (75 Pa. C.S.A. § 1543(b)(1)), careless driving (75 Pa. C.S.A. § 3714), and restraint systems (75 Pa. C.S.A. § 4581(a)(1.1)).

fore us for review where, as a general rule, the failure to raise an issue in an ordered Rule 1925(b) statement results in the waiver of that issue on appeal. *Commonwealth v. Reynolds,* 835 A.2d 720, 732 (Pa.Super.2003) (citing *Commonwealth v. Lord,* 553 Pa. 415, 420, 719 A.2d 306, 309 (1998)). The Pennsylvania Supreme Court stated any issues not raised in a Rule 1925(b) statement will be deemed waived. *Id.*

■ ¶ 11 Nevertheless, if the appellant has no way to anticipate the court's rationale for its decision, the appellant's Rule 1925(b) statement will of necessity challenge the court's ruling in terms based on the available information. *Commonwealth v. Zheng,* 908 A.2d 285 (Pa.Super.2006). The court knows best why it sentenced the appellant and is in a "better position to explain the details. In such circumstances, a general Rule 1925(b) statement does give the [court] sufficient guidance to draft a Rule 1925(a) opinion and will not constitute waiver." *Id.* at 287. "Just as the [court] cannot be made to guess what an appellant is complaining of on appeal, an appellant cannot be made to guess what the [court] is thinking in [its] ruling." *Id.* at 288. Thus, we will not penalize an appellant "for failure to include [ ] in the Rule 1925(b) statement [an issue] that could not be known until clarification is made in the [court's] Rule 1925(a) opinion. Justice requires such a result." *Id.*

¶ 12 Instantly, Appellant's issue on appeal is in direct and proper response to the sentencing rationale, which the court set forth in its Rule 1925(a) opinion. Until the court issued its opinion, Appellant had no way of knowing that the court would justify the sentence by finding the present DUI was Appellant's fourth DUI in ten years. Appellant's Rule 1925(b) statement challenged the sentence imposed following a guilty plea to a third DUI that had been

prosecuted as a third DUI in ten years. Under the circumstances of his case, Appellant could not be expected to say more. *See id.* Appellant's Rule 1925(b) statement still gave the court sufficient guidance to draft a Rule 1925(a) opinion. The fact that Appellant's current DUI might actually have been his fourth DUI in ten years was not before the trial court at any time, including sentencing. Therefore, Appellant should not be penalized for failing to dispute in his Rule 1925(b) statement whether his current DUI was his third or fourth DUI in ten years, or for failing to anticipate the court's wholly new and independent reason for its sentence. *Id.* Instead, we will address the merits of this appeal, as this case does not represent the kind of situation the *Lord* waiver rule was designed to address.

¶ 13 Appellant argues he pleaded guilty to a third DUI offense, as reflected in the guilty plea and sentencing transcripts. At sentencing, Appellant requested IPP, which the court denied. Appellant maintains he qualifies for intermediate punishment under 42 Pa.C.S.A. § 9804(b), if the current DUI is his third. In the alternative, Appellant believes he is entitled to a remand for an evidentiary hearing to determine whether the current DUI is his third or fourth DUI offense, for purposes of IPP. We cannot agree.

¶ 14 This case involves the interplay between the mandatory sentencing provision under the DUI statute and a discretionary sentencing provision under the Sentencing Code, which presents "a question of law that compels plenary review to determine whether the court committed an error of law." *Commonwealth v. Williams,* 871 A.2d 254, 262 (Pa.Super.2005). "As with all questions of law, the appellate standard of review is *de novo* and the appellate scope of review is plenary." *In re Wilson,*

879 A.2d 199, 214 (Pa.Super.2005) (*en banc*).

¶ 15 Appellant relies on Section 9804 of the Sentencing Code, which states in relevant part:

### § 9804. County intermediate punishment programs

(a) **Description.**–County intermediate punishment program options shall include the following:

(1) Restrictive intermediate punishments providing for the strict supervision of the offender including programs that:

(i) house the offender full or part time;

(ii) significantly restrict the offender's movement and monitor the offender's compliance with the program; or

(iii) involve a combination of programs that meet the standards set forth under subparagraphs (i) and (ii).

(2) When utilized in combination with restrictive intermediate punishments, restorative sanctions providing for nonconfinement sentencing options that:

(i) Are the least restrictive in terms of the constraint of the offender's liberties.

(ii) Do not involve the housing of the offender, either full or part time.

(iii) Focus on restoring the victim to pre-offense status.

(b) **Eligibility.**—

(1) No person other than the eligible offender shall be sentenced to a county intermediate punishment program.

(2) The Pennsylvania Commission on Sentencing shall employ the term "eligible offender" to further identify offenders who would be appropriate for participation in county intermediate punishment programs. In developing the guidelines, the commission shall give primary consideration to protection of the public safety.

\* \* \*

(5) A defendant subject to 75 Pa. C.S.A. § 3804 (relating to penalties) may only be sentenced to county intermediate punishment for a first, second, or third offense.

42 Pa.C.S.A. § 9804(b)(1)-(2), (5). In adopting the IPP, "[t]he Legislature's intent was to give judges another sentencing option which would lie between probation and incarceration with respect to sentencing severity; to provide a more appropriate form of punishment/treatment for certain types of nonviolent offenders; to make the offender more accountable to the community; and to help reduce the county jail overcrowding problem while maintaining public safety." *Commonwealth v. Williams,* 868 A.2d 529, 534 (Pa.Super.2005), *appeal denied,* 586 Pa. 726, 890 A.2d 1059 (2005). "Statutes designed to establish proper procedures for sentencing all defendants who commit crimes are general provisions." *Commonwealth v. Klingensmith,* 437 Pa.Super. 453, 650 A.2d 444, 447 (1994), *appeal denied,* 540 Pa. 647, 659 A.2d 986 (1995).

¶ 16 On the other hand, the Commonwealth cites several sections of the Motor Vehicle Code, for example, Section 3802, which defines the relevant DUI offenses as follows:

### § 3802. Driving under influence of alcohol or controlled substance

(a) **General impairment.**—

(1) An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount

of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle.

\* \* \*

**(c) Highest rate of alcohol.**—An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is 0.16% or higher within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle.

\* \* \*

75 Pa.C.S.A. § 3802(a)(1), (c). Section 3804 of the DUI statute provides specific penalties as follows:

§ 3804. **Penalties.**

\* \* \*

**(b) High rate of blood alcohol; minors; commercial vehicles and school buses and school vehicles; accidents.**—Except as set forth in subsection (c), an individual who violates section 3802(a)(1) where there was an accident resulting in bodily injury, serious bodily injury or death of any person or damage to a vehicle or other property ... **shall** be sentenced as follows:

(1) For a first offense, to:

(i) undergo imprisonment of not less than 48 consecutive hours;

(ii) pay a fine of not less than $500 nor more than $5,000;

(iii) attend an alcohol highway safety school approved by the department; and

(iv) comply with all drug and alcohol treatment requirements imposed under sections 3814 and 3815.

(2) For a second offense, to:

(i) undergo imprisonment of not less than 30 days;

(ii) pay a fine of not less than $750 nor more than $5,000;

(iii) attend an alcohol highway safety school approved by the department; and

(iv) comply with all drug and alcohol treatment requirements imposed under sections 3814 and 3815.

(3) For a third offense, to:

(i) undergo imprisonment of not less than 90 days;

(ii) pay a fine of not less than $1,500 nor more than $10,000; and

(iii) comply with all drug and alcohol treatment requirements imposed under sections 3814 and 3815.

(4) For a fourth or subsequent offense, to:

(i) undergo imprisonment of not less than one year;

(ii) pay a fine of not less than $1,500 nor more than $10,000; and

(iii) comply with all drug and alcohol treatment requirements imposed under sections 3814 and 3815.

\* \* \*

**(c) Incapacity; highest blood alcohol; controlled substances.**—An individual who ... violates section 3802(c) or (d) **shall** be sentenced as follows:

(1) For a first offense, to:

(i) undergo imprisonment of not less than 72 consecutive hours;

(ii) pay a fine of not less than $1,000 nor more than $5,000;

(iii) attend an alcohol highway safety school approved by the department; and

(iv) comply with all drug and alcohol treatment requirements imposed under sections 3814 and 3815.

(2) For a second offense, to:

(i) undergo imprisonment of not less than 90 days;

(ii) pay a fine of not less than $1,500;

(iii) attend an alcohol highway safety school approved by the department; and

(iv) comply with all drug and alcohol treatment requirements imposed under sections 3814 and 3815.

(3) **For a third or subsequent offense**, to:

(i) **undergo imprisonment of not less than one year;**

(ii) pay a fine of not less that $2,500; and

(iii) comply with all drug and alcohol treatment requirements imposed under sections 3814 and 3815.

* * *

(g) Sentencing    Guidelines.—The sentencing guidelines promulgated by the Pennsylvania Commission on Sentencing do not supersede the mandatory penalties of this section.

(h) Appeal.—The Commonwealth has the right to appeal directly to the Superior Court any order of court which imposes a sentence for violation of this section which does not meet the requirements of this section. The Superior Court shall remand the case to the sentencing court for imposition of a sentence in accordance with the provisions of this section.

75 Pa.C.S.A. § 3804(b),(c), (g) (emphasis added to text of statute). Section 3806 defines a "prior offense" or a "repeat offense" for purposes of appropriate penalties under Section 3804:

§ 3806.   Prior offenses

(a) **General rule.**—Except as set forth in subsection (b), the term "prior offense" as used in this chapter shall mean a conviction, adjudication of delinquency, juvenile consent decree, acceptance of Accelerated Rehabilitative Disposition or other form of preliminary disposition before the sentencing on the present violation for any of the following:

(1) an offense under section 3802 (relating to driving under influence of alcohol or controlled substance);

(2) an offense under former section 3731;

(3) an offense substantially similar to an offense under paragraph (1) or (2) in another jurisdiction;  or

(4) any combination of the offenses set forth in paragraph (1), (2) or (3).

(b) **Repeat offenses within ten years.—The calculation of prior offenses for purposes of** sections 1553(d.2) (relating to occupational limited license), 3803 (relating to grading) and 3804 **(relating to penalties)** shall include **any** conviction, adjudication of delinquency, juvenile consent decree, acceptance of Accelerated Rehabilitative Disposition or other form of preliminary disposition within the ten years before the present violation occurred for **any** of the following:

(1)  an offense under section 3802;

(2)  an offense under former section 3731;

(3)  an offense substantially similar to an offense under paragraph (1) or (2) in another jurisdiction;  or

(2) **any combination of the offenses** set forth in paragraph (1), (2) or (3).

75 Pa.C.S.A. § 3806 (emphasis added to text of statute).

¶ 17 Application of these statutory sections further implicates the following principles of statutory interpretation and construction:

The principal objective of statutory interpretation and construction is to ascertain and effectuate the intention of the legislature. 1 Pa.C.S.A. § 1921(a); *Commonwealth v. Menezes*, 871 A.2d 204, 209 (Pa.Super.2005)[, *appeal denied*, 586 Pa. 724, 890 A.2d 1057 (2005)]; *Commonwealth v. Reaser*, 851 A.2d 144, 148 (Pa.Super.2004), *appeal denied*, 581 Pa. 674, 863 A.2d 1145 (2004). When possible, every statute should be construed to give effect to all its provisions. 1 Pa.C.S.A. § 1921(a); *Commonwealth v. Drummond*, 775 A.2d 849, 855–56 (Pa.Super.2001) *(en banc), appeal denied*, 567 Pa. 756, 790 A.2d 1013 (2001). Courts must read and evaluate each section of a statute in the context of, and with reference to, the other sections of the statute, because there is a presumption that the legislature intended the entire statute to be operative and effective. *Id.* at 856; *Commonwealth v. Campbell*, 758 A.2d 1231, 1234 (Pa.Super.2000); *Commonwealth v. Lopez*, 444 Pa.Super. 206, 663 A.2d 746, 748 ([Pa.Super] 1995).

The plain language of a statute is the best indication of legislative intent. *Reaser, supra* at 149; *Drummond, supra* at 856. "The basic tenet of statutory construction requires a court to construe words of the statute according to their plain meaning." *Commonwealth v. Heberling*, 451 Pa.Super. 119, 678 A.2d 794, 795 ([Pa.Super.] 1996). "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." *Menezes, supra* at 204; 1 Pa.C.S.A. § 1921(b).

Another guiding principle stated in the Statutory Construction Act provides:

**§ 1933 Particular controls general**

Whenever a general provision in a statute shall be in conflict with a special provision in the same or another statute, the two shall be construed, if possible, so that effect may be given to both. If the conflict between the two provisions is irreconcilable, the special provisions shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be enacted later and it shall be the manifest intention of the General Assembly that such general provision shall prevail.

1 Pa.C.S.A. § 1933. *See, e.g., Menezes, supra* at 209 ([holding] specific statute requiring court to impose mandatory sentence of forty-eight consecutive hours in jail for DUI conviction controlled over general sentencing statute that requires court to give credit for time already served in jail). This Court has also held that general provisions of the Crimes Code do not apply to other distinct areas of law where an offense is clearly defined and a penalty is enunciated under a separate statutory scheme. *Commonwealth v. Davis*, 421 Pa.Super. 454, 618 A.2d 426, 429 ([Pa.Super.] 1992)[, *appeal denied*, 535 Pa. 630, 631 A.2d 1004 (1993)].

*Commonwealth v. Corban Corp.*, 909 A.2d 406, 411–12 (Pa.Super.2006).[5]

■ ¶ 18 Instantly, Appellant pleaded guilty to a third DUI. His offense fell

---

**5.** The legislature added subsections (b)(4) and (b)(5) to 42 Pa.C.S.A. § 9804 by amendment on September 30, 2003, effective February 1, 2004. The penalty section of 75 Pa.C.S.A. § 3804(c) was amended November 29, 2004, effective immediately.

under Section 3802(c) relating to the highest blood alcohol concentration. Although Appellant requested IPP, Appellant was a repeat offender. Therefore, the calculation of his prior DUIs for purposes of Section 3804 (relating to penalties) must include **any** conviction, adjudication of delinquency, juvenile consent decree, acceptance of Accelerated Rehabilitative Disposition or other form of preliminary disposition within the ten years before the present violation occurred for **any** of the following offenses, including: (1) an offense under Section 3802; (2) an offense under former Section 3731. *See* 75 Pa.C.S.A. 3806. Section 3806 plainly says that **any** offense under Section 3802 (or former Section 3731) counts as a "prior offense" for calculating the appropriate penalty under Section 3804. For these reasons, we hold the penalty provisions of Section 3804 are mandatory and specific for offenses under 75 Pa.C.S.A. § 3802 and, therefore, Section 3804 trumps Section 9804(b)(5), the general and discretionary sentencing provision allowing for IPP.

¶ 19 Here, Appellant's current DUI under Section 3802(c) placed him squarely under Section 3804(c), because his BAC was 0.236%. *See* 75 Pa.C.S.A. § 3802(c) (defining highest rate of alcohol as 0.16% or higher within two hours after driving). Further, Appellant's current DUI admittedly was at least his third DUI in ten years. Appellant's BAC level combined with a third DUI subjected him to the penalty provision of Section 3804(c)(3), regardless of whether the current DUI was Appellant's third or fourth DUI in ten years. *See* 75 Pa.C.S.A. §§ 3804, 3806. Therefore, we conclude the court properly denied Appellant's request for IPP and his issue does not warrant relief on the merits.

¶ 20 Based upon the foregoing, we hold that the issue Appellant raised on appeal is properly before this Court, because Appellant's claim is in direct response to the trial court's Rule 1925(a) opinion and raised at the first opportunity Appellant could raise the issue. We further hold that the mandatory and specific sentencing provision set forth in 75 Pa.C.S.A. § 3804(c)(3) applies to Appellant's current DUI under 75 Pa.C.S.A. § 3802(c), and overrides the general and discretionary IPP sentencing provision of 42 Pa.C.S.A. § 9804(b)(5), regardless of whether this DUI was Appellant's third or fourth DUI in ten years. Accordingly, we affirm the judgment of sentence, albeit on other grounds.

¶ 21 Judgment of sentence affirmed.

¶ 22 *JUDGE JOYCE FILES A CONCURRING OPINION.

CONCURRING OPINION BY JOYCE, J.:

¶ 1 Although I agree that the judgment of sentence should be affirmed, I would affirm on the basis that the issue raised by Appellant was not preserved in his 1925(b) statement and is waived. Therefore, while I concur in the result, I write separately to distance myself from the Majority's analysis of the 1925(b) issue and its consideration of the merits of an issue that should be deemed waived.

¶ 2 As the Majority correctly notes, Appellant filed a timely appeal from his judgment of sentence for driving under the influence. In his 1925(b) statement, Appellant identified one issue: Whether the sentencing court has discretion to impose an intermediate punishment sentence on a defendant convicted of driving under the influence for a third time in ten years.

¶ 3 In its 1925(a) opinion, the trial court did not address the issue raised by Appellant. Instead, the trial court stated that a review of Appellant's record revealed that

his 2004 conviction was not his third DUI conviction in ten years, but rather was his fourth. The trial court reasoned that Appellant was ineligible for intermediate punishment under any circumstances, because Appellant had four DUI violations in ten years and because 42 Pa.C.S.A. § 9804(c) authorizes intermediate punishment as an alternative to imprisonment for up to a maximum of three offenses.

¶ 4 In his brief on appeal, Appellant raises a new issue: "Whether the instant offense is a third or fourth D.U.I. rendering [Appellant] eligible for [intermediate punishment]?" Appellant's Brief, at 2.[6] This issue was not preserved in Appellant's 1925(b) statement. The Majority nevertheless concludes that the issue is not waived on appeal. In doing so, the Majority ignores the mandate of *Commonwealth v. Castillo*, 585 Pa. 395, 888 A.2d 775 (2005), in which our Supreme Court reaffirmed the bright-line rule first enunciated in *Commonwealth v. Lord*, 553 Pa. 415, 719 A.2d 306 (1998), that "[a]ny issues not raised in a 1925(b) statement will be deemed waived." *Lord*, 553 Pa. at 420, 719 A.2d at 309. In *Castillo*, the Supreme Court also "specifically [voiced its] disapproval of prior decisions of the intermediate courts to the extent that they have created exceptions to *Lord* and have addressed issues that should have been

deemed waived." *Castillo*, 585 Pa. at 403, 888 A.2d at 780.

¶ 5 Relying on this Court's recent decision in *Commonwealth v. Zheng*, 908 A.2d 285 (Pa.Super.2006), the Majority endorses the *Zheng* panel's creation of an exception to *Lord* by addressing an issue that was not raised in Zheng's 1925(b) statement, an issue that should have been deemed waived under the bright-line rule announced in *Lord*.[7] The Majority adopts the position taken in *Zheng*, stating "we will not penalize an appellant for failure to include in the Rule 1925(b) statement an issue that could not be known until clarification is made in the court's Rule 1925(a) opinion. Justice requires such a result." Majority Opinion at ¶ 11 (quoting *Zheng, supra*, at 288 (internal quotations and brackets omitted)). In doing so, the Majority has sanctioned an exception to *Lord*, disregarding the Supreme Court's express disapproval of such exceptions as restated in *Castillo*. For that reason, I cannot join in the Majority Opinion, and instead concur in the result only.[8]

---

**6.** Appellant's Statement of the Question Presented, as phrased in his brief, suggests that Appellant was asking this Court to determine whether Appellant had three or four convictions for driving under the influence. A reading of the brief reveals that he in fact requested that we remand to the trial court for a hearing to determine the number of convictions. Appellant's Brief, at 6.

**7.** In *Zheng*, the panel entertained an issue not raised in Zheng's 1925(b) statement because "the trial judge was vague as to why he found [Zheng] guilty at the time he announced his verdict," and "if the trial ruling is vague, we cannot find waiver for failure to include an

issue in the Rule 1925(b) statement that could not be known until clarification is made in the Rule 1925(a) opinion." *Id.* at 286 and 288. It merits mention that the Judges comprising the Majority in the case *sub judice* were also members of the panel in the *Zheng* case, with Judge Gantman joining in the opinion authored by Judge Klein, and President Judge *Emeritus* McEwen concurring in the result.

**8.** I recognize that Appellant had no reason to raise the number of DUI convictions as an issue in his 1925(b) statement. The number of convictions was not in dispute at the hearing. The documents in the record, including the transcripts of the sentencing hearing, indi-

cate that Appellant's conviction was his third in ten years. Nevertheless, I believe this Court is constrained by the dictates of *Lord* and its progeny, as recently reaffirmed in the *Castillo* case. Because the issue raised in Appellant's brief was not preserved in his 1925(b) statement, and because it is not one this Court can raise *sua sponte,* this Court should not address the merits of the issue. *See also Commonwealth v. Schofield,* 585 Pa. 389, 393, 888 A.2d 771, 774 (2005) (acknowledging the appeal of the equitable "interest of justice" argument advocated by Judge Klein's dissent in *Schofield* (proposing consideration of a *pro se* 1925(b) statement that was procedurally defective), but reiterating that "a bright-line rule eliminates the potential for the inconsistent results that existed prior to *Lord,* when trial courts and appellate courts had discretion to address or to waive issues raised in non-compliant Pa.R.A.P.1925(b) statements.")

I also note that Appellant did not request a remand to file a supplemental 1925(b) statement. *See Commonwealth v. Castillo, supra,* at 403 n. 6, 888 A.2d at 780 n. 6 (citing *Commonwealth v. Moran,* 823 A.2d 923 (Pa.Super.2003), in which this Court granted an appellant's request for a remand to amend a timely 1925(b) statement). Absent a request for a remand and the filing of a supplemental 1925(b) statement, the only issue preserved for appeal was the one included in Appellant's 1925(b) statement.