J-S68032-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,   :    IN THE SUPERIOR COURT OF
                                        :        PENNSYLVANIA
            Appellee         :
                                          :
            v.                     :
                                          :
GLENN SIMINICK,                :
                                        :
           Appellant      :        No. 319 WDA 2016

Appeal from the Judgment of Sentence January 22, 2016
in the Court of Common Pleas of Mercer County
Criminal Division at No(s): CP-43-CR-0001805-2014

BEFORE:  SHOGAN, SOLANO, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:       **FILED NOVEMBER 16, 2016**

Glenn Siminick (Appellant) appeals from the judgment of sentence entered January 22, 2016, after he was found guilty of harassment.  We affirm.

The trial court summarized the facts as follows.

> At trial, the Commonwealth called Roy Hamor [(Mr. Hamor)], the alleged victim.  Mr Hamor testified that on October 4, 2015, while he was driving to Circle K to get coffee, he saw [Appellant] walking his dogs.  As Mr. Hamor passed [Appellant], [Appellant] looked at [Mr.] Hamor and made a throat slashing motion three different times.

> The incident occurred around 8:30 a.m.  There was a history of animosity between Mr. Hamor and [Appellant], including prior throat slashing motions.

> [Appellant] and his wife both testified on [Appellant's] behalf.  They both denied the incident occurred and that the incident could not have occurred at the time [Mr.] Hamor testified to.

---

* Retired Senior Judge assigned to the Superior Court

Trial Court Opinion, 3/24/2016, at 2.

Appellant was found guilty of the aforementioned crime following a non-jury trial on January 22, 2016. That same day, Appellant was sentenced to pay costs and a $20.00 fine. Appellant timely filed a post-sentence motion challenging the weight of the evidence, which the trial court denied. Appellant then timely filed a notice of appeal.[1]

On appeal, it appears Appellant is raising claims challenging both the weight and sufficiency of the evidence to sustain his conviction. To the extent Appellant attempts to argue a sufficiency claim, we find it waived for failure to properly preserve this issue in his 1925(b) statement. **See** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). **See also Commonwealth v. Poncala**, 915 A.2d 97, 100 (Pa. Super. 2006) ("[A]s a general rule, the failure to raise an issue in an ordered Rule 1925(b) statement results in the waiver of that issue on appeal.").

In reviewing Appellant's argument as a properly preserved weight claim, we are mindful of the following.

> The decision of whether to grant a new trial on the basis of a challenge to the weight of the evidence is necessarily committed to the sound discretion of the trial court due to the court's observation of the witnesses and the evidence. A trial court should award a new trial on this ground only when the verdict is so contrary to the evidence as to shock one's sense of justice. A motion alleging the verdict was against the weight of the

---

[1] Both Appellant and the trial court complied with Pa.R.A.P. 1925.

evidence should not be granted where it merely identifies contradictory evidence presented by the Commonwealth and the defendant. Our review on appeal is limited to determining whether the trial court abused its discretion in denying the motion for a new trial on this ground.

***Commonwealth v. Chamberlain,*** 30 A.3d 381, 396 (Pa. 2011) (citations omitted). "Not merely an error in judgment, an abuse of discretion occurs when the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will, as shown by the evidence on record." ***Commonwealth v. Handfield***, 34 A.3d 187, 208 (Pa. Super. 2011) (quoting ***Commonwealth v. Cain***, 29 A.3d 3, 6 (Pa. Super. 2011)).[2]

With respect to its verdict, the trial court set forth the following.

the evidence presented by the Commonwealth is not even close to being "so unreliable or contradictory as to make any verdict based thereon pure conjecture or shook one's sense of justice." There are clear conflicts between Mr. Hamor's testimony and the testimony of [Appellant] and his wife. Such conflicts are for the finder of fact to resolve. This is what occurred in this case.

Trial Court Opinion, 3/24/2016, at 3. We discern no abuse of discretion in the trial court's conclusion. Because this was a non-jury trial, the verdict clearly did not shock the trial court's sense of justice. Furthermore, as the trial court correctly observed, reconciling inconsistencies in the testimony

---

[2] Appellant cites the following to support his argument that the verdict is against the weight of the evidence: (1) inconsistences in Mr. Hamor's statement to police versus his testimony at trial; (2) documentary evidence in the form of phone records that support Appellant's version of events; and (3) the Commonwealth's failure to prove all elements of harassment beyond a reasonable doubt. Appellant's Brief at 12-14.

was within the province of the fact-finder. ***Commonwealth v. Simmons***, 662 A.2d 621, 630 (Pa. 1995) ("After examining the evidence in this case, we find that appellant's assertion that the inconsistencies in the witnesses' testimony rendered them incredible to have no merit since the inaccuracies claimed are only minor and a witness's credibility is solely for the jury to determine."). Because we conclude the trial court did not abuse its discretion, Appellant is not entitled to a new trial on this basis.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/16/2016