J-S92033-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
BRANDON DEMON HUNTER, :
:
Appellant : No. 858 WDA 2016

Appeal from the Judgment of Sentence September 21, 2015
in the Court of Common Pleas of Erie County,
Criminal Division, at No(s): CP-25-CR-0002215-2014

BEFORE: SHOGAN, MOULTON, and STRASSBURGER, JJ.*

MEMORANDUM BY STRASSBURGER, J.: **FILED FEBRUARY 10, 2017**

Brandon Demon Hunter (Appellant) appeals from the judgment of

sentence imposed after he pled guilty to firearm not to be carried without a

license. Upon review, we affirm.

The trial court summarized the factual history underlying Appellant's

guilty plea as follows.

> On July 8, 2015, Appellant appeared before the Honorable
> Ernest J. DiSantis, Jr., and pled guilty to the aforementioned
> offense. In exchange, the Commonwealth [*nolle prossed*] the
> remaining counts.

> On September 21, 2015, Appellant appeared before the
> Honorable Shad Connelly and was sentenced to a term of 18 to
> 36 months' incarceration, consecutive to his sentence at Docket
> No. [CP-25-CR-0002216-2014]. All credit for time served was
> applied to Docket No. 2216 of 2014. On October 1, 2015,
> Appellant filed a motion for modification of sentence, which was
> denied by Judge Connelly on October 2, 2015.

_____

*Retired Senior Judge assigned to the Superior Court.

On January 21, 2016, Appellant filed a *pro se* filing, which [the trial c]ourt treated as a PCRA petition. PCRA counsel was appointed, [and] subsequently filed a supplemental PCRA petition. On May 18, 2016, [the trial court] granted PCRA relief, only as it related to reinstating his direct appellate rights *nunc pro tunc*.

Appellant filed a timely notice of appeal *nunc pro tunc* on June 15, 2016. In response, [trial court] directed Appellant to file a concise statement of matters complained of on appeal [(CSECA)]. Appellant timely complied on July 8, 2016[.]

Trial Court Opinion 7/25/2016, at 1-2 (citations and unnecessary capitalization omitted).

On appeal, Appellant challenges the discretionary aspects of his sentence.

Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. An appellant challenging the discretionary aspects of his [or her] sentence must invoke this Court's jurisdiction by satisfying a four-part test:

We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa. Super. 2013) (some citations omitted).

- 2 -

Instantly, Appellant timely filed a post-sentence motion in which he requested a modification of his sentence, as well as a notice of appeal. Additionally, Appellant included a 2119(f) statement in his brief, and raised the following issues: (1) "[T]he sentencing scheme was compromised in that the sentencing court failed to afford due weight and consideration to mitigating factors presented by [A]ppellant[,]" and (2) "[T]he [trial court] failed to proffer a legally sufficient statement on the record in support of the imposition of a consecutive sentence." Appellant's Brief at 4. We must now determine whether Appellant has raised a substantial question for our review.

Initially, we find Appellant's issue concerning the alleged inadequate contemporaneous statement offered by the trial court, waived for failure to include it in his concise statement of errors complained of on appeal. It is well-settled that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). ***See also Commonwealth v. Poncala***, 915 A.2d 97, 100 (Pa. Super. 2006) ("[A]s a general rule, the failure to raise an issue in an ordered Rule 1925(b) statement results in the waiver of that issue on appeal.").

> Our Pennsylvania Rules of Appellate Procedure and our case law set forth the well-established requirements for preserving a claim for appellate review. "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). This requirement bars an appellant from raising "a new and different theory of relief" for the first time on

appeal. ***Commonwealth v. York,*** [] 465 A.2d 1028, 1032 ([Pa. Super.] 1983).

Similarly, our Supreme Court has made it clear that "[a]ny issues not raised in a [Rule] 1925(b) statement will be deemed waived." ***Commonwealth v. Castillo***, [] 888 A.2d 775, 780 ([Pa.] 2005) (citation and quotation omitted). ***See also*** Pa.R.A.P.1925(b)(4)(vii) ("Issues not included in the Statement ... are waived.").

***Commonwealth v. Phillips***, 141 A.3d 512, 522 (Pa. Super. 2016).

Consequently, we now consider Appellant's remaining arguments. Upon review, we find Appellant's issue that the "[trial] court failed to afford due weight and consideration to mitigating factors presented by [A]ppellant[,]" Appellant's brief at 4, does not raise a substantial question for our review. ***Commonwealth v. Disalvo***, 70 A.3d 900, 903 (Pa. Super. 2013) ("[T]his Court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review.") (quoting ***Commonwealth v. Downing***, 990 A.2d 788, 794 (Pa. Super. 2010)); ***Commonwealth v. Zirkle***, 107 A.3d 127, 133 (Pa. Super. 2014) ("[W]e have held that a claim that a court did not weigh the factors as an appellant wishes does not raise a substantial question.").[1]

---

[1] As recognized by this Court in ***Commonwealth v. Dodge,***

> [w]e are, of course, mindful that it is apparent that this Court's determination of whether an appellant has presented a substantial question in various cases has been less than a model of clarity and consistency[.] ***Compare Commonwealth v. Montalvo***, [641 A.2d 1176, 1186 (Pa. Super 1994)] ("allegation that the sentencing court 'failed to consider' or 'did not

Moreover, the sentencing court had the benefit of a pre-sentence investigation report (PSI). "Where the sentencing court had the benefit of a [PSI], we can assume the sentencing court 'was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors.'" ***Commonwealth v. Griffin***, 65 A.3d 932, 937 (Pa. Super. 2013) (quoting ***Commonwealth v. Devers***, 546 A.2d 12, 18 (Pa. 1988)).

---

adequately consider' facts of record" does not present substantial question); ***Commonwealth v. Rivera,*** [637 A.2d 1015, 1016 (Pa. Super. 1994)] (same); ***Commonwealth v. Nixon,*** 718 A.2d 311, 315 (Pa. Super. 1998), *overruled on other grounds by **Commonwealth v. Mouzon**,* [812 A.2d 617 (Pa. 2002)] ("ordinarily, allegations that a sentencing court 'failed to consider' or 'did not adequately consider' various factors" does not raise a substantial question)[.] … *with **Commonwealth v. Boyer***, 856 A.2d 149, 151–152 (Pa. Super. 2004) (finding substantial question where defendant argued "that his sentence was manifestly excessive and that the court erred by considering only the serious nature of the offenses and failing to consider mitigating factors such as his age (19) at sentencing, his rehabilitative needs, his limited education, his years of drug dependency, and his family dysfunction."); ***Commonwealth v. Perry***, 883 A.2d 599, 602 (Pa. Super. 2005) (failure to consider mitigating factors and excessive sentence raised substantial question); ***Commonwealth v. Ventura***, 975 A.2d 1128, 1133 (Pa. Super. 2009) ("Ventura further asserts that the trial court imposed his sentence based solely on the seriousness of the offense and failed to consider all relevant factors, which has also been found to raise a substantial question."); ***Commonwealth v. Downing***, 990 A.2d 788, 793 (Pa. Super. 2010) (failure to consider rehabilitative needs and the protection of society in fashioning a sentence raises a substantial question).

***Dodge***, 77 A.3d 1263, n.8 (Pa. Super. 2013).

Lastly, we acknowledge that Appellant attempts to argue that the trial court erred in ordering his sentences to run consecutively versus concurrently. Appellant's Brief at 2. To the extent this issue was properly preserved and adequately argued, we find that Appellant has again failed to raise a substantial question for our review. It is well-settled that a

> claim of excessive sentence, premised on the trial court's imposition of consecutive sentences [], does not raise a substantial question for our review. *See Commonwealth v. Pass*, 914 A.2d 442, 446 (Pa. Super. 2006) (setting forth long-standing precedent that any challenge to the exercise of discretion enjoyed by a trial court in imposing a sentence either consecutively or concurrently fails to raise a substantial question)[.]

*Commonwealth v. Ahmad,* 961 A.2d 884, n.7 (Pa. Super. 2008).

Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  2/10/2017