J-S08017-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMES CHARLES COLE | |
| Appellant | No. 615 WDA 2016 |

Appeal from the Judgment of Sentence March 24, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0015767-2012

BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E., and SOLANO, J.

CONCURRING STATEMENT BY GANTMAN, P.J.:　　　　**FILED MAY 26, 2017**

While I agree Appellant's discretionary aspects of sentencing issue is waived for purposes of our review, I do so based on other grounds; I respectfully disagree with the majority's conclusion that Appellant waived or abandoned his request for reinstatement of his post-sentence motion rights *nunc pro tunc* in his response to the court's Rule 907 notice.  In my view, Appellant consistently requested reinstatement of his post-sentence motion rights *nunc pro tunc* throughout the PCRA proceedings.

Nevertheless, "the failure to raise an issue in an ordered Rule 1925(b) statement results in waiver of that issue on appeal."  ***Commonwealth v. Poncala***, 915 A.2d 97, 100 (Pa.Super. 2006), *appeal denied*, 594 Pa. 678, 932 A.2d 1287 (2007).  Additionally, "[t]he failure to develop an adequate argument in an appellate brief may result in waiver of the claim."

***Commonwealth v. Beshore***, 916 A.2d 1128, 1140 (Pa.Super. 2007), *appeal denied*, 603 Pa. 679, 982 A.2d 509 (2007). Here, Appellant did not challenge the PCRA court's failure to reinstate his post-sentence motion rights *nunc pro tunc* in either his court-ordered Rule 1925(b) statement or his appellate brief. Thus, I agree Appellant waived any challenge to the PCRA court's failure to reinstate Appellant's post-sentence motion rights *nunc pro tunc*, but I do so based on the limited grounds of Rule 1925(b) and ***Beshore, supra***. Accordingly, I concur in the result.