J-S27013-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JAMES MILLER | : | |
| | : | |
| Appellant | : | No. 1044 EDA 2016 |

Appeal from the Judgment of Sentence March 9, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0001551-2014

BEFORE: GANTMAN, P.J., OTT, J., and PLATT, J.*

MEMORANDUM BY GANTMAN, P.J.:                    **FILED JUNE 09, 2017**

Appellant, James Miller, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his bench trial convictions of two counts each of robbery and criminal conspiracy, and one count of theft by unlawful taking or disposition—movable property.[1]  We affirm.

The relevant facts and procedural history of this case are as follows. Victims placed an advertisement on Craigslist, which indicated their desire to purchase cell phones for resale purposes.  Appellant responded to the advertisement and informed Victims he had sixteen new iPhones available

_____

[1] 18 Pa.C.S.A. §§ 3701(a)(1)(ii), 903, and 3921(a), respectively.

_____

*Retired Senior Judge assigned to the Superior Court.

for sale. The parties subsequently planned to meet for the transaction at Franklin Mills Mall. On October 21, 2013, Appellant arrived at the mall in a Chevy Impala, followed by his co-defendant in a Jeep. Appellant exited his vehicle, showed Victims one iPhone, and told Victims the rest of the iPhones were in the Jeep. Victims subsequently walked over to the Jeep, where Appellant's co-defendant demanded to see the money before he allowed Victims to examine the remaining iPhones. During the exchange, Appellant's co-defendant pointed a gun at Victims, told Victims to get on the ground, and stole $6,500.00 in cash from Victims. Appellant and his co-defendant then fled in their respective vehicles. Victims memorized the Jeep's license plate number, as the vehicle drove away, and called the police immediately after the incident. Using the Jeep's license plate number, police identified Appellant and his co-defendant. Both Victims subsequently identified Appellant and his co-defendant as the perpetrators of the robbery.

On February 19, 2014, the Commonwealth charged Appellant with two counts each of robbery, criminal conspiracy, simple assault, recklessly endangering another person ("REAP"), and one count each of persons not to possess firearms, firearms not to be carried without a license, carrying firearms on public streets in Philadelphia, theft by unlawful taking or disposition—movable property, receiving stolen property, and possessing instruments of crime. Appellant proceeded to a bench trial. The court ultimately convicted Appellant on July 16, 2015, of two counts each of

robbery and criminal conspiracy, and one count of theft by unlawful taking or disposition—movable property. The court deferred sentencing pending the preparation of a pre-sentence investigation ("PSI") report.

On March 9, 2016, the court sentenced Appellant to three and one-half (3½) to ten (10) years' imprisonment for each of Appellant's two robbery convictions, and three and one-half (3½) to ten (10) years' imprisonment for each of Appellant's two criminal conspiracy convictions. The court ordered Appellant to serve all sentences concurrently; thus, Appellant received an aggregate term of three and one-half (3½) to ten (10) years' imprisonment. Appellant timely filed a notice of appeal on April 4, 2016. On May 6, 2016, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant's counsel filed a Rule 1925(c)(4) statement of intent to file an **Anders** brief on May 24, 2016.[2]

Appellant raises the following issue for our review:

> DO THE TWO COUNTS OF CRIMINAL CONSPIRACY, WHICH OCCURRED UNDER THE SAME CONTINUOUS CONSPIRATORIAL RELATIONSHIP, MERGE FOR SENTENCING PURPOSES?

(Appellant's Brief at 3).

Appellant argues the Commonwealth failed to present evidence of

_____

[2] Despite the filing of a Rule 1925(c)(4) statement, counsel has filed an advocate's brief on Appellant's behalf.

separate, conspiratorial agreements for the robbery of each Victim to justify the imposition of separate sentences for Appellant's two conspiracy convictions. Appellant maintains the evidence presented at trial demonstrated the robbery of both Victims was the product of one conspiracy pursuant to Section 903(c). Appellant claims the court's imposition of separate sentences for each conspiracy conviction amounts to punishing Appellant twice for the same conduct. Appellant concludes the court erred when it imposed a separate sentence for each of Appellant's two criminal conspiracy convictions, and this Court should vacate one of his criminal conspiracy convictions. After a thorough review, we conclude Appellant has waived this issue.

"[A]s a general rule, the failure to raise an issue in an ordered Rule 1925(b) statement results in the waiver of that issue on appeal." **Commonwealth v. Poncala**, 915 A.2d 97, 100 (Pa.Super. 2006), *appeal denied*, 594 Pa. 678, 932 A.2d 1287 (2007). Any issue not raised in a Rule 1925(b) statement will be deemed waived. **Id.** As long as the reviewing court has jurisdiction, however, a challenge to the legality of the sentence is non-waivable and this Court can even raise and address it *sua sponte*. **Commonwealth v. Infante**, 63 A.3d 358 (Pa.Super. 2013).

Importantly, Section 903 of the Crimes Code provides in relevant part:

### § 903.  Criminal conspiracy

\* \* \*

- 4 -

> **(c)** **Conspiracy with multiple criminal objectives.**— If a person conspires to commit a number of crimes, he is guilty of only one conspiracy so long as multiple crimes are the object of the same agreement or continuous conspiratorial relationship.

18 Pa.C.S.A. § 903(c). "This subsection reflects the fact that the conspiracy is the crime, and that [it] is one, however diverse its objects." By its terms, Section 903(c) implicates a factual assessment of either the conspiratorial agreement or the relationship of the conspirators." ***Commonwealth v. Andrews***, 564 Pa. 321, 330, 768 A.2d 309, 314 (2001) (internal citations and quotations marks omitted). As a result, a challenge to the imposition of multiple conspiracy sentences pursuant to Section 903(c) is a challenge to the sufficiency of the evidence, not a challenge to the legality of the sentence, because the claim centers on the fact-based question of whether the crimes were the product of one agreement or multiple agreements. ***Commonwealth v. Marinez***, 777 A.2d 1121, 1125 (Pa.Super. 2001), *appeal denied*, 567 Pa. 739, 788 A.2d 374 (2001) (citing ***Andrews, supra***).

Instantly, the court sentenced Appellant to an aggregate term of three and one-half (3½) to ten (10) years' imprisonment on March 9, 2016. Significantly, Appellant's sentence included individual, concurrent terms of three and one-half (3½) to ten (10) years' imprisonment for each of Appellant's two criminal conspiracy convictions. Appellant did not file a post-sentence motion; however, Appellant timely filed a notice of appeal on April 4, 2016. In response to the court-ordered Rule 1925(b) statement, on May

24, 2016, Appellant's counsel filed a Rule 1925(c)(4) statement of his intent to file an **Anders** brief. Counsel's Rule 1925(c)(4) statement indicated Appellant's desire to raise the following issues on appeal:

> 1. THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION BY DENYING A MOTION FOR A MISTRIAL PROFFERED AFTER A WITNESS IMPLIED THAT APPELLANT THREATENED HIM UNLESS THE WITNESS DROPPED THE CASE BECAUSE THERE WAS NO MENTION OF ANY THREATS IN THE DISCOVERY MATERIAL PROVIDED TO THE DEFENSE.
>
> 2. THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION BY DENYING A MOTION FOR A MISTRIAL PROFFERED AFTER A KEY COMMONWEALTH WITNESS INDICATED THAT HE HAD VIOLATED A SEQUESTRATION ORDER.

(**See** Rule 1925(c)(4) Statement, filed May 24, 2016, at 1). Counsel subsequently filed an advocate's brief on Appellant's behalf, which raised only the following issue for our review:

> DO THE TWO COUNTS OF CRIMINAL CONSPIRACY, WHICH OCCURRED UNDER THE SAME CONTINUOUS CONSPIRATORIAL RELATIONSHIP, MERGE FOR SENTENCING PURPOSES?

(**See** Appellant's Brief, filed November 11, 2016, at 3). In his argument, Appellant asserts the court's imposition of two separate sentences for his two criminal conspiracy convictions constitutes an "illegal" sentence pursuant to Section 903(c). Under settled, controlling precedent, however, Appellant's claim is actually a challenge to the sufficiency of the evidence due to the fact-based assessment required to resolve the issue. **See Marinez, supra**. Because Appellant failed to raise this claim before the trial

court or in his court-ordered Rule 1925(b) statement, it is waived for purposes of this appeal. **See Poncala, supra**. Accordingly, we affirm the judgment of sentence.[3]

Judgment of sentence affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/9/2017

---

[3] We observe the Pennsylvania Supreme Court's recent decision in **Commonwealth v. Rosado**, ___ Pa. ___, 150 A.3d 425 (2016), which states "the filing of an appellate brief which abandons all preserved issues in favor of unpreserved ones constitutes ineffective assistance of counsel *per se*." **Id.** at ___, 150 A.3d at 434. Generally, however, "claims of ineffective assistance of counsel are to be deferred to PCRA review." **Commonwealth v. Holmes**, 621 Pa. 595, 620, 79 A.3d 562, 576 (2013). Instantly, counsel's abandonment of the preserved issues raised in the Rule 1925(c)(4) statement in favor of the unpreserved sufficiency of the evidence issue raised in Appellant's brief might constitute ineffective assistance of counsel. **See Rosado, supra**. Nevertheless, to obtain relief, Appellant must raise his claim in a timely filed PCRA petition under the rubric of ineffective assistance of counsel. **See Holmes, supra**.