J-S55042-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| WILLIE E. CHISOLM, | : | |
| | : | |
| Appellant | : | No. 2070 MDA 2016 |

Appeal from the Judgment of Sentence November 8, 2016
in the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0002390-2016

BEFORE:  DUBOW, RANSOM, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:           **FILED OCTOBER 10, 2017**

Willie E. Chisolm (Appellant) appeals from the judgment of sentence entered November 8, 2016, after he was found guilty of, *inter alia*, driving under the influence (DUI)- general impairment and careless driving.  We affirm.

The trial court summarized the facts as follows.

> [O]n February 1, 2015 [at 1:45 a.m.], officers of the Pennsylvania Capitol Police department were on routine patrol when they noticed two cars turning left onto Cameron Street (in Harrisburg, Pennsylvania).  One of the vehicles was a dark-red SUV ("SUV") that was later determined to be driven by [Appellant].  The SUV switched lanes abruptly with no turn signal and passed the vehicle in front of it.  The SUV then moved back in front of the other vehicle in a sudden maneuver.  The SUV then proceeded to accelerate up Cameron Street at a high rate of speed.  Officer Felsburg testified that [Appellant] did not use his turn signals to switch lanes and did not leave a safe distance between vehicles when switching back to his original lane. [Appellant] was pulled over for careless driving and possible suspicion of [DUI].

* Retired Senior Judge assigned to the Superior Court

Officer Felsburg approached the vehicle[, with the driver's window halfway down] and immediately detected an alcoholic odor coming from inside the vehicle. The Officer testified that [Appellant] was nervous, laughing, and his hands were shaking. Officer Felsburg also noticed, mid-thigh, a fresh circular pattern of wetness on [Appellant's] pant leg and a little bit of wetness near the belt line of [Appellant's] shirt. Additionally, Officer Felsburg noticed a half bottle of an alcoholic beverage sitting behind the driver's seat. Officer Felsburg offered to get a cab for [Appellant] but [Appellant] refused. Instead, [Appellant] started making promises to walk home and/or to walk to Burger King or for the officers to follow him home. The officers again reiterated to [Appellant] about getting a cab ride but [Appellant] refused. At this point, Officer Felsburg decided to conduct a field sobriety test.

[Appellant] indicated that he had trouble balancing as part of his foot had been "cut off." Accordingly, Officer Felsburg did not conduct the one-legged stand test. Officer Felsburg did, however, conduct the horizontal gaze nystagmus (HGN) test and the walk and turn test. [Appellant] was unable to smoothly follow the officer's pen during the HGN test and was not able to complete the walk and turn test. [Specifically, Appellant had to be repeatedly told how many steps to take]. Officer Felsburg could continually smell alcohol coming from [Appellant's] breath. At this point, [Appellant] was placed under arrest for DUI and taken to booking.

[Appellant] also testified that he was heading home after dropping off some friends and that he had been drinking earlier. [Appellant] contends that he was the only one at the light. [Appellant's] license was suspended ([Appellant] had what he referred to as a "bread-and-butter operator's license") and his registration had also lapsed. [Appellant] testified that he has "a lot of bottles in the car" and that some were Corona bottles that might have had a little bit left in them. [Appellant] also testified that it was actually urine in the bottle and that, because he had gone through the process before, the [field sobriety] tests that were administered were not done properly.

Trial Court Opinion, 1/26/2017 at 2-3 (citations and some footnotes omitted).

Appellant was found guilty of, *inter alia*, the aforementioned crimes following a non-jury trial on September 22, 2016. On November 8, 2016 Appellant was sentenced to three months of intermediate punishment and three months of probation, plus costs and fines. Appellant timely filed a post-sentence motion challenging the weight of the evidence, which the trial court denied. Appellant then timely filed a notice of appeal.[1]

On appeal, although Appellant's issue is presented as a claim that the verdict was against the weight of the evidence, it appears that he is challenging the sufficiency of the evidence to sustain his conviction. *See* Appellant's Brief at 13 ("Appellant was never shown to be incapable of safe driving due to being impaired by a controlled substance beyond a reasonable doubt."). Challenges to the sufficiency and weight of the evidence are two distinct claims.

> A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. When reviewing a sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.
>
> A motion for new trial on the grounds that the verdict is contrary to the weight of the evidence, **concedes that there is**

_____

[1] Both Appellant and the trial court complied with Pa.R.A.P. 1925.

> **sufficient evidence to sustain the verdict.** Thus, the trial court is under no obligation to view the evidence in the light most favorable to the verdict winner. An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. … [T]he role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.

*Commonwealth v. Widmer*, 744 A.2d 745, 751–52 (Pa. 2000) (citations, quotation marks, and footnote omitted; emphasis added).

To the extent Appellant attempts to argue a sufficiency claim, we find it waived for failure to preserve properly this issue in his 1925(b) statement. *See* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). *See also Commonwealth v. Poncala*, 915 A.2d 97, 100 (Pa. Super. 2006) ("[A]s a general rule, the failure to raise an issue in an ordered Rule 1925(b) statement results in the waiver of that issue on appeal.").

In reviewing Appellant's argument as a properly-preserved weight claim, we are mindful of the following.

> The decision of whether to grant a new trial on the basis of a challenge to the weight of the evidence is necessarily committed to the sound discretion of the trial court due to the court's observation of the witnesses and the evidence. A trial court should award a new trial on this ground only when the verdict is so contrary to the evidence as to shock one's sense of justice. A motion alleging the verdict was against the weight of the evidence should not be granted where it merely identifies contradictory evidence presented by the Commonwealth and the defendant. Our review on appeal is limited to determining

- 4 -

whether the trial court abused its discretion in denying the motion for a new trial on this ground.

***Commonwealth v. Chamberlain,*** 30 A.3d 381, 396 (Pa. 2011) (citations omitted). "Not merely an error in judgment, an abuse of discretion occurs when the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will, as shown by the evidence on record." ***Commonwealth v. Handfield***, 34 A.3d 187, 208 (Pa. Super. 2011) (quoting ***Commonwealth v. Cain***, 29 A.3d 3, 6 (Pa. Super. 2011)).

Appellant cites the following to support his argument that the verdict is against the weight of the evidence: (1) Appellant was never shown to be incapable of safe driving; (2) the field sobriety tests were incomplete; (3) no valid evidence was presented about the amount of alcohol in Appellant's system; and (4) "[t]he police claim they observed [Appellant] fail to use a turn signal and engage in what they believed to be aggressive driving when passing another vehicle. Significantly, no other erratic driving was observed." Appellant's Brief at 13-15 (citation omitted).

With respect to its verdict, the trial court set forth the following.

[Appellant's] failure to use appropriate signals and fluctuating speed combined with the above indicators[14] such as an odor of alcohol and empty beer bottles led Officer Felsburg and [the trial court] to conclude that [Appellant] was under the influence of alcohol to such a degree that he was "incapable of safely driving, operating or being in actual physical control of the movement of the vehicle" as required by the statute. As such, and based upon Officer Felsburg's testimony, the verdict is

- 5 -

supported by evidence of record and does not in any respect shock one's sense of justice.

_____
[14] Th[e trial court] notes that even without the presence of the field sobriety tests, based on the totality of the circumstances, there was sufficient evidence to support a conviction [pursuant to] Section 3802.

Trial Court Opinion, 3/24/2016, at 3.

We discern no abuse of discretion in the trial court's conclusion. Because this was a non-jury trial, the verdict clearly did not shock the trial court's sense of justice. Even if Appellant had properly argued a weight claim, for the reasons explained by the trial court, such a claim would be meritless. *See Widmer*, 744 A.2d at 753 ("Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination[.]").

Because we conclude the trial court did not abuse its discretion, Appellant is not entitled to a new trial on this basis.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/10/2017

- 6 -