J-S41036-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :    IN THE SUPERIOR COURT OF
                     :           PENNSYLVANIA
             Appellee       :
                     :
            v.            :
                     :
COTY W. WAMPOLE          :
                     :
           Appellant     :      No. 71 MDA 2017

Appeal from the Judgment of Sentence Entered December 2, 2016
In the Court of Common Pleas of Berks County
Criminal Division at No(s):  CP-06-CR-0001569-2016

BEFORE:    GANTMAN, P.J., LAZARUS, J., and PLATT, J.*

MEMORANDUM BY GANTMAN, P.J.:         **FILED AUGUST 15, 2017**

Appellant, Coty W. Wampole, appeals from the judgment of sentence entered in the Berks County Court of Common Pleas, following his open guilty plea to four counts of burglary.[1]  We affirm.

The relevant facts and procedural history of this case are as follows. In March 2016, Appellant committed multiple burglaries in Amity Township and Douglassville.  During each burglary, Appellant entered a home without the owner's permission and took various items, including iPads, jewelry, a laptop, a camera, a PlayStation 3, and cash.  After the burglaries, Appellant contacted the son of one of the victims with information about some of the

---

[1] 18 Pa.C.S.A. § 3502(a)(2).

---

*Retired Senior Judge assigned to the Superior Court.

stolen items. An investigation into the burglaries led to Appellant's arrest.

On April 15, 2016, the Commonwealth charged Appellant with five counts of burglary, two counts of criminal trespass, and one count each of theft by unlawful taking or disposition and receiving stolen property. Appellant entered an open guilty plea on December 2, 2016, to four counts of burglary (count #1, count #3, count #4, and count #5 from the criminal information), in exchange for the Commonwealth's withdrawal of the remaining charges against Appellant. The court proceeded to sentencing with the benefit of a pre-sentence investigation ("PSI") report. The court imposed a term of eighteen (18) to thirty-six (36) months' imprisonment at count #4, a consecutive term of six (6) to twenty-four (24) months' imprisonment at count #1, a consecutive term of three (3) years' probation at count #3, and a consecutive term of three (3) years' probation at count #5. As a result, Appellant received an aggregate sentence of twenty-four (24) to sixty (60) months' imprisonment, followed by six (6) years' probation. When the court imposed Appellant's sentence, it stated it had considered the following: (1) the PSI report; (2) Appellant's lack of criminal history; (3) the sentencing guidelines; (4) Appellant's acceptance of responsibility; (5) the severity of the offenses; (6) the sentencing recommendations by the Commonwealth and Appellant's counsel; and (7) Appellant's rehabilitative needs.

Appellant timely filed a post-sentence motion on December 12, 2016, which asked the court to modify the sentence. Specifically, Appellant asked

the court to resentence Appellant to a term of electronic monitoring in light of the circumstances of the case and the relevant sentencing factors. Alternatively, Appellant asked the court to impose all the sentences concurrently. The court denied Appellant's post-sentence motion on December 13, 2016. Appellant timely filed a notice of appeal on January 11, 2017. That same day, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant timely complied on January 27, 2017.

Appellant raises the following issues for our review:

> WHETHER APPELLANT'S SENTENCE OF 24 MONTHS—60 MONTHS IN A STATE CORRECTIONAL INSTITUTION FOLLOWED BY SIX YEARS OF PROBATION WAS MANIFESTLY EXCESSIVE, CLEARLY UNREASONABLE, AND CONTRARY TO THE FUNDAMENTAL NORMS UNDERLYING THE SENTENCING CODE WHEN THE TRIAL COURT FAILED TO UTILIZE THE CORRECT OFFENSE GRAVITY SCORE FOR THE CRIME OF BURGLARY AT COUNT 4, THEREFORE IMPOSING AN AGGRAVATED SENTENCE WITHOUT STATING SUFFICIENT REASONS ON THE RECORD FOR THE UPWARD DEVIATION, IN VIOLATION OF 204 PA.CODE. § 303.13?

> WHETHER THE [SENTENCING] COURT ERRED AND ABUSED ITS DISCRETION BY FAILING TO MEANINGFULLY CONSIDER THE FACTORS UNDER 42 PA.C.S.A. § 9721(B), INCLUDING THAT THE SENTENCE IMPOSED "SHOULD CALL FOR CONFINEMENT THAT IS CONSISTENT WITH THE PROTECTION OF THE PUBLIC, THE GRAVITY OF THE OFFENSE AS IT RELATES TO THE IMPACT ON THE LIFE OF THE VICTIM AND ON THE COMMUNITY, AND THE REHABILITATIVE NEEDS FOR [APPELLANT]," WHEN IT SENTENCED APPELLANT TO 24 MONTHS TO 60 MONTHS IN A STATE CORRECTIONAL INSTITUTION?

(Appellant's Brief at 9).

For purposes of disposition, we combine Appellant's issues. Appellant argues the court used the wrong offense gravity score when it calculated the guideline range for Appellant's sentence at count #4. Appellant claims the use of the wrong offense gravity score resulted in an aggravated range sentence at count #4, without adequate explanation for the sentence on the record. Appellant further complains the court failed to consider the relevant criteria contained in the Sentencing Code, which resulted in a sentence that is inconsistent with the protection of the public, the gravity of the offense as it relates to the impact on the community, and Appellant's rehabilitative needs. Appellant specifically contends the court failed to consider certain mitigating factors, including Appellant's lack of criminal history, age, and unique circumstances. Appellant concludes the court's errors resulted in a sentence that is manifestly unreasonable and excessive, and this Court should vacate the judgment of sentence and remand for resentencing. As presented, Appellant challenges the discretionary aspects of his sentence.[2] *See Commonwealth v. Lutes*, 793 A.2d 949, 964 (Pa.Super. 2002)

---

[2] "[W]hile a guilty plea which includes **sentence negotiation** ordinarily precludes a defendant from contesting the validity of his…sentence other than to argue that the sentence is illegal or that the sentencing court did not have jurisdiction, **open** plea agreements are an exception in which a defendant will not be precluded from appealing the discretionary aspects of the sentence." *Commonwealth v. Tirado*, 870 A.2d 362, 365 n.5 (Pa.Super 2005). "An 'open' plea agreement is one in which there is no negotiated sentence." *Id.* at 363 n.1. Here, Appellant's guilty plea included no negotiated sentence.

(stating claim that sentence is manifestly excessive challenges discretionary aspects of sentencing).

Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. *Commonwealth v. Sierra*, 752 A.2d 910, 912 (Pa.Super. 2000). Prior to reaching the merits of a discretionary aspect of sentencing issue:

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa.Super. 2013), *appeal denied*, 621 Pa. 682, 76 A.3d 538 (2013) (quoting *Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa.Super 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006)). Generally, objections to the discretionary aspects of a sentence are waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed at that hearing. *Commonwealth v. Mann*, 820 A.2d 788, 794 (Pa.Super. 2003), *appeal denied*, 574 Pa. 759, 831 A.2d 599 (2003). Additionally, the failure to raise an issue in a court-ordered Rule 1925(b) statement results in waiver of the issue on appeal. *Commonwealth v. Poncala*, 915 A.2d 97, 100 (Pa.Super. 2006), *appeal denied*, 594 Pa. 678, 932 A.2d 1287 (2007).

When appealing the discretionary aspects of a sentence, an appellant must also invoke the appellate court's jurisdiction by including in his brief a separate concise statement demonstrating that there is a substantial question as to the appropriateness of the sentence under the Sentencing Code. ***Commonwealth v. Mouzon***, 571 Pa. 419, 425-26, 812 A.2d 617, 621-22 (2002); Pa.R.A.P. 2119(f). "The requirement that an appellant separately set forth the reasons relied upon for allowance of appeal 'furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to exceptional cases.'" ***Commonwealth v. Phillips***, 946 A.2d 103, 112 (Pa.Super. 2008), *appeal denied*, 600 Pa. 745, 964 A.2d 895 (2009), *cert. denied*, 556 U.S. 1264, 129 S.Ct. 2450, 174 L.Ed.2d 240 (2009). "The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." ***Commonwealth v. Anderson***, 830 A.2d 1013, 1018 (Pa.Super. 2003).

A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Sierra, supra*** at 913 (quoting ***Commonwealth v. Brown***, 741 A.2d 726, 735 (Pa.Super. 1999) (*en banc*), *appeal denied*, 567 Pa. 755, 790 A.2d 1013 (2001). An allegation that the sentencing court failed to consider certain mitigating factors, absent more, does not raise a substantial question for our

review. **Commonwealth v. Rhoades**, 8 A.3d 912, 918-19 (Pa.Super. 2010), *appeal denied*, 611 Pa. 651, 25 A.3d 328 (2011), *cert. denied*, 565 U.S. 1263, 132 S.Ct. 1746, 182 L.Ed.2d 536 (2012). Nevertheless, a claim that the trial court failed to consider the relevant sentencing criteria in 42 Pa.C.S.A. § 9721(b), presents a substantial question for our view. **Commonwealth v. Riggs**, 63 A.3d 780, 786 (Pa.Super. 2012), *appeal denied*, 619 Pa. 690, 63 A.3d 776 (2013).

Here, to the extent Appellant claims he received an aggravated range sentence due to the court's use of the incorrect offense gravity score at count #4, Appellant failed to raise this issue at the sentence hearing, in a post-sentence motion, or in his court-ordered Rule 1925(b) statement. **See Mann**, **supra**; **Poncala**, **supra**. In fact, this issue appears for the first time in Appellant's appellate brief. Because Appellant failed to raise this claim in the trial court, it is waived for purposes of our review. **Id.** With respect to Appellant's remaining discretionary aspects of sentencing claim, Appellant properly preserved this issue in a timely filed post-sentence motion and Rule 2119(f) statement. Further, Appellant's assertions that the court failed to consider the relevant Sentencing Code criteria, including certain mitigating factors, appears to raise a substantial question as to the discretionary aspects of his sentence. **See Riggs, supra**.

Our standard of review of a challenge to the discretionary aspects of sentencing is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

**Commonwealth v. Hyland**, 875 A.2d 1175, 1184 (Pa.Super. 2005), *appeal denied*, 586 Pa. 723, 890 A.2d 1057 (2005) (quoting **Commonwealth v. Rodda**, 723 A.2d 212, 214 (Pa.Super. 1999) (*en banc*)).

Pursuant to Section 9721(b), "the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). "[T]he court shall make as part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." **Id.** Nevertheless, "[a] sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question…." **Commonwealth v. Crump**, 995 A.2d 1280, 1283 (Pa.Super. 2010), *appeal denied*, 608 Pa. 661, 13 A.3d 475 (2010). Rather, the record as a whole must reflect the sentencing court's consideration of the facts of the case and the defendant's character. **Id.** "In particular, the court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation."

*Commonwealth v. Griffin,* 804 A.2d 1, 10 (Pa.Super. 2002), *appeal denied*, 582 Pa. 671, 868 A.2d 1198 (2005), *cert denied*, 545 U.S. 1148, 125 S.Ct. 2984, 162 L.Ed.2d 902 (2005).

Instantly, the record belies Appellant's contentions. The court had the benefit of a PSI report at sentencing. Therefore, we can presume it considered the relevant factors when it sentenced Appellant. **See Tirado, supra** at 368 (holding where sentencing court had benefit of PSI, law presumes court was aware of and weighed relevant information regarding defendant's character and mitigating factors). Additionally, the court explained its reasons for Appellant's sentence as follows:

> In the instant matter, the [c]ourt considered the relevant sentencing criteria, the circumstances of the offense, and the rehabilitative needs of [Appellant]. First, we stated, that we considered the sentencing guidelines, which the [Commonwealth] had previously read onto the record. Second, we reflected that the circumstances of the offense, which were unusual and occurring in a short period of time, must be balanced with the volume of offenses, the seriousness of the conduct, and the danger to Appellant and the community. Third, we considered that Appellant had taken responsibility for his actions. Fourth, we considered Appellant's rehabilitative needs, which requires us to also…examine the severity of the offenses and a need not to diminish these actions in the eyes of the public.

> \* \* \*

> After considering the aforementioned factors, which were explored by [Appellant's] counsel during [the sentencing] hearing, we found that the seriousness of the offense justified the period of incarceration given. We clearly stated on the record…in sufficient detail that we found Appellant's crime spree troubling due to the volume of first[-]degree felonies and the danger his actions posed to

the community. Moreover, we considered Appellant's rehabilitative needs, which we stated must be balanced with the seriousness of the offense. Balancing these two considerations, among many others, we found that though electronic monitoring was available, it was inappropriate. Therefore, with sufficient specificity, we considered the gravity of the offense, the victims, the community, Appellant's rehabilitative needs, and the availability of alternative sentencing, when deciding the period of incarceration.

(*See* Trial Court Opinion, filed February 16, 2017, at 4-5) (internal citations and quotation marks omitted). We accept the court's analysis. *See Hyland, supra*. Therefore, Appellant is not entitled to relief on his preserved challenge to the discretionary aspects of his sentence. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/15/2017